UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:15-CR-00107-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN CARLOS SOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence [Doc. 606], which has been supplemented by counsel pursuant to Standing Order 24-05 [Doc. 627]. The United States ("the Government") filed a response [Doc. 631]. Thus, the motions are ripe for review. For the reasons provided herein, Defendant's motions [Docs. 606, 627] are **GRANTED**.

**I.    BACKGROUND**

On July 14, 2016, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) and one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) [Docs. 211, 224]. Based upon a total offense level of 31 and a criminal history category of III, Defendant's guideline range was 135 to 168 months [Doc. 517, pg. 1]. On November 30, 2017, the Court sentenced Defendant within the guideline range to a term of 150 months' imprisonment to be followed by a five-year term of supervised release [Doc. 516]. Defendant is currently housed at FCI Yazoo City Low II with a projected release date of June 4, 2025. *See*

1

Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 4, 2024). He now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821 [Docs. 606, 627].

## II.  ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing. In relevant part, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points. Specifically, status points are eliminated for defendants with six or less criminal history points and one status point, rather than two, is applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant received two status points for committing the offenses while under a criminal justice sentence for Hamblen County, Tennessee and Washington County, Tennessee [Doc. 301, ¶ 109]. If sentenced today, Defendant would not receive any status points under U.S.S.G. § 4A1.1, resulting in 2 criminal history points and criminal history category II. Defendant's amended guideline range would be 121 to 151 months. Thus, Defendant is eligible
2

for a reduction under Amendment 821, and he seeks a reduction to a mid-guideline range sentence of 135 months [Doc. 627, pg. 4]. However, "the decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

The Government recognizes Defendant's eligibility but given Defendant's mixed post-sentence conduct, it defers to the Court's discretion whether and to what extent to reduce Defendant's sentence [Doc. 631]. While in custody of the BOP, Defendant has incurred two disciplinary sanctions—one in 2018 for possession of intoxicants in his cell and another in 2021 for possession of a cell phone [Doc. 627-1]. However, Defendant asserts that he has maintained clear conduct and completed substantial programming since both of the sanctioned incidents [Doc. 627, pg. 5]. Defendant's progress report reflects that he has completed 740 hours of educational courses while in the BOP [Doc. 627-3, pg. 1] and has participated in various drug programs [Doc. 627-2]. He has also been classified as low risk for recidivism by the BOP [Doc. 627-5]. Based on the foregoing and in consideration of the factors enumerated in 18 U.S.C. § 3553(a), which the Court also considered in detail during Defendant's sentencing hearing, the Court finds that a sentence reduction to the middle of the amended guideline range is warranted. Accordingly, Defendant's sentence shall be reduced to 135 months.

### III. CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 606, 627] are **GRANTED**. A separate Order shall enter.

    **SO ORDERED:**

                                          s/ Clifton L. Corker
                                          United States District Judge